# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-383V
Filed: January 30, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | |
| ANGIE F. FRENCH and DAN FRENCH, * | |
| on behalf of V.F, a minor child, * | |
| * | |
| Petitioners, * | Special Master Sanders |
| * | |
| v. * | Decision on Stipulation; Diphtheria Tetanus |
| * | Acellular Pertussis ("DTaP") Vaccine; |
| SECRETARY OF HEALTH * | Haemophilus Influenza Type B ("Hib") |
| AND HUMAN SERVICES, * | Vaccine; Acute Liver Failure; Autoimmune |
| * | Hepatitis Type 2. |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Glynn W. Gilcrease, Jr., Law Office of Glynn W. Gilcrease, Jr., PC, Tempe, AZ, for Petitioner.
Althea Walker Davis, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 6, 2014, Angie F. French and Dan French ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-1 to -34 (2012), on behalf of their minor child, V.F. Petitioners alleged that, as a result of diphtheria, tetanus, and acellular pertussis ("DTaP") and Haemophilus influenza type b ("Hib") vaccines administered on January 15, 2013, V.F. developed acute liver failure and autoimmune hepatitis type 2 on or about February 9, 2013. *See* Stipulation for Award at ¶¶ 1-4, filed Jan. 30, 2017. Petitioners further alleged that V.F. suffered residual effects of these injuries for more than six months. *Id.* at ¶ 4.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On January 30, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. *Id.* at ¶ 7. Respondent denies that the DTaP or Hib vaccines caused Petitioners' acute liver failure and autoimmune hepatitis type 2, or any other injury. *Id.* at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A. A lump sum payment of $2,500.00, in the form of a check payable to petitioners, Angie F. French and Dan French, for past unreimbursable expenses;**

**B. A lump sum of $60,000.00 in the form of a check payable to petitioners, as guardians/conservators of V.F.'s estate; and**

**C. An amount sufficient to purchase the annuity contract described in paragraph 10 [of Appendix A], paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                                                s/Herbrina D. Sanders
                                                                                 Herbrina D. Sanders
                                                                                 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANGIE F. FRENCH and DAN FRENCH, )<br>on behalf of V.F., a minor child, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SECRETARY OF HEALTH )<br>AND HUMAN SERVICES, )<br>)<br>Respondent. )<br>_____ ) | No. 14-383V<br>Special Master<br>Lisa Hamilton-Fieldman |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, V.F., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to V.F.'s receipt of the diphtheria, tetanus and acellular pertussis ("DTaP") and Haemophilus influenzae type b ("Hib") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. V.F. received DTaP and Hib immunizations on January 15, 2013.

3. The vaccines were administered within the United States.

4. Petitioners alleges that V.F. sustained the first symptom or manifestation of the onset of acute liver failure and autoimmune hepatitis type 2 on or about February 9, 2013. Petitioners further allege that V.F. will require life-long immunosuppression and that she suffered the residual effects of this injury for more than six months.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on V. F.'s behalf as a result of her condition.

6. Respondent denies that the DTaP and Hib vaccines caused V.F.'s acute liver failure and autoimmune hepatitis type 2 or any other injury or her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) A lump sum payment of $2,500.00, in the form of a check payable to petitioners, Angie F. French and Dan French, for past unreimbursable expenses;
>
> (b) A lump sum of $60,000.00, in the form of a check payable to petitioners, as guardians/conservators of V.F.'s estate; and
>
> (c) An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

2

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of V.F., pursuant to which the Life Insurance Company will agree to make payments periodically to V.F. as follows:

    a.    A guaranteed lump sum payment of $20,000.00 paid on October 15, 2029.
    b.    A guaranteed lump sum payment of $35,000.00 paid on October 15, 2034.
    c.    A guaranteed lump sum payment of $52,842.11 paid on October 15, 2037.

The lump sum payments are guaranteed to V.F. and she will continue to receive the annuity payments from the Life Insurance Company until October 15, 2037. Should V.F. predecease the exhaustion of payments during the guarantee period described above, any remaining payments shall be made payable to the Estate of V.F. The personal representative of the Estate of V.F. shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of V.F.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. §.300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of V.F. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of the Estate of Violet French under the laws of the State of Arizona. No

payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/ conservators of Violet French's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the Estate of Violet French at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the Estate of Violet French upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of V.F, on behalf of themselves, V.F. and her heirs, executors, administrators, successors or assigns do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of V.F. resulting from, or alleged to have resulted from, the DTaP and Hib vaccines administered on January 15, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about May 6, 2014, in the United States Court of Federal Claims as petition No. 14-383V.

18. If V.F. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that V.F. suffered the onset of acute liver failure and autoimmune hepatitis type 2 or any other injury as the result of the DTaP and Hib vaccines or any other vaccine, or that her current disabilities are sequelae of her

6

alleged vaccine-related injury.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of V.F.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

7

Respectfully submitted,

**PETITIONERS:**

*[signature]*
ANGIE F. FRENCH

*[signature]*
DAN FRENCH

**ATTORNEY OF RECORD FOR PETITIONERS:**

*[signature]*
GLYNN W. GILCREASE, Jr., ESQUIRE
Law Office of Glynn W. Gilcrease, Jr.
401 W. Baseline Road, Suite 203
Tempe, AZ 85283
(480) 897-0990

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
CATHARINE E. REEVES
~~Acting~~ Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]* for
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated: 30 January 2017 AWD

8