# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: April 10, 2018

```
* * * * * * * * * * * * *
ANGIE F. FRENCH and            *        No. 14-383V
DAN FRENCH, on behalf of V.F., *
a minor child,                 *        Special Master Sanders
                               *
            Petitioners,       *
                               *
v.                             *        Attorneys' Fees and Costs; Untimely
                               *        Motion; Nunc Pro Tunc; Costs Denial.
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * *
```

<u>Glynn W. Gilcrease, Jr.</u>, Law Office of Glynn W. Gilcrease, Jr., PC, Tempe, AZ, for Petitioners.
<u>Althea W. Davis</u>, United States Department of Justice, Washington, DC, for Respondent.

### <u>DECISION DENYING MOTION FOR EXTENSION OF TIME AND GRANTING REQUEST FOR ATTORNEYS' FEES AND COSTS</u>[1]

On May 6, 2014, Angie and Dan French ("Petitioners") filed a petition on behalf of V.F., a minor child, for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012) [hereinafter "Vaccine Act" or "Act"]. Petitioners alleged that V.F. suffered from acute liver failure and autoimmune hepatitis type 2 as a result of the Diphtheria, Tetanus, and acellular Pertussis ("DTaP") and Haemophilus influenza type b ("Hib") vaccines administered on or about February 9, 2013. Decision 1, ECF No. 51. On January 30, 2017, the undersigned issued a decision awarding compensation to Petitioners pursuant to the parties' joint stipulation. *Id.* Judgment entered on March 14, 2017. ECF No. 54.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 17, 2018, Petitioners submitted a motion for attorneys' fees and costs. ECF No. 59. Respondent objected to this request, arguing that Petitioners' motion was untimely filed. ECF No. 60. Petitioners responded by filing a Motion for *Nunc Pro Tunc* Enlargement of Time. ECF No. 61. For the reasons outlined below, the undersigned **DENIES** Petitioners' Motion for *Nunc Pro Tunc* Enlargement of Time. However, the undersigned **GRANTS** Petitioners' motion for attorneys' fees and costs.

## I.      Procedural History

The parties submitted a stipulation for entitlement on January 30, 2017, and the undersigned issued a decision adopting the parties' agreement on the same date. ECF Nos. 50, 51. Petitioners subsequently filed a status report on February 6, 2017, informing the undersigned that Petitioners' counsel was in the process of filing a petition to appoint a conservator and approve the parties' settlement in a local court. ECF No. 52. The undersigned ordered Petitioners to submit a status report regarding this process by April 10, 2017. Order (Non-PDF), dated Feb. 7, 2017. Judgment entered on the parties' stipulation on March 14, 2017. ECF No. 54.

From April of 2017 to July of 2017, Petitioners submitted three status reports updating the undersigned on the process of obtaining a conservatorship for the parties' settlement. ECF Nos. 55, 56, 57. On September 15, 2017, Petitioners alerted the undersigned that the settlement was approved by a local court, and was "in the process of being funded." ECF No. 58.

On February 17, 2018, Petitioners submitted their Motion for Attorneys' Fees. ECF No. 59. Petitioners requested $34,265.00 for attorneys' fees; $3,913.03 for costs; and $30,425.00 for expert fees, for a total of $68,603.03. ECF No. 59-2 at 6-7. On March 5, 2018, Respondent filed his Response. ECF No. 60. Respondent objected to Petitioners' request, arguing that they submitted their motion "eleven months after judgment issued, and five months after the deadline [for an attorneys' fees motion] prescribed by Vaccine Rule 13." *Id.* at 2. Although Respondent argued that Petitioners' application was untimely, Respondent "defer[red] to the special master as to whether [P]etitioners should be denied an award of fees and costs on this basis." *Id.* at 2-3. If the undersigned found that Petitioners should be awarded attorneys' fees and costs, Respondent requested for the undersigned "to exercise her discretion and determine a reasonable award . . . ." *Id.* at 5. Petitioners responded on March 8, 2018 by filling a Motion for *Nunc Pro Tunc* Enlargement of Time. ECF No. 61. Petitioners explained that "somehow in the mix of having the settlement approved by a probate court in Arizona, . . . the deadline for fee application was not appropriately calendared." *Id.* Petitioners requested the undersigned "exercise her discretion in favor of acting" upon their motion. *Id.*

## II.      Standards of Review

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and

costs."). Special masters may adjust a fee request *sua sponte*, apart from objections raised by Respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Untimely filings for attorneys' fees are subject to the Program's jurisdiction, as they concern "a mode of relief . . . ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." *Scarborough v. Principi*, 541 U.S. 401, 413 (2004) (holding that an untimely fee application amendment pursuant to the Equal Access to Justice Act does not involve subject matter jurisdiction).

Vaccine Rule 13(a) provides that "[a]ny request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa-15(e) must be filed no later than 180 days after the entry of judgment . . . ." Vaccine Rule 13(a). Concurrent with their broad discretion to determine the reasonableness of a request for attorneys' fees, special masters retain the discretion to consider untimely motions for attorneys' fees and costs. *See Verity v. Sec'y of Health & Human Servs.*, No. 11-106V, 2017 WL 1709709, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2017). "[I]t is not uncommon in the [P]rogram for special masters to overlook the untimeliness of fee[] requests filed not long after the deadline to act." *Id.* (citing *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *13 (Nov. 30, 2007) (awarding fees to a request one month untimely); *Carrington v. Sec'y of Health & Human Servs.*, No 99-495V, 2008 WL 2683632, at *13 (June 18, 2008) (granting a three-week extension of time to submit a motion for fees)); *see also, e.g.*, *Setness v. Sec'y of Health & Human Servs.*, No. 13-996V, 2017 WL 1713101, at *1 n.3 (Fed. Cl. Spec. Mstr. Mar. 10, 2017) (granting a motion for fees filed two months after the deadline). This leniency, however, is under the special master's discretion, and is not always exercised in a tardy counsel's favor. *See, e.g.*, *Verity*, 2017 WL 1709709 at *2 (denying a fee request more than two years untimely).

To determine reasonable attorneys' fees and costs under the Vaccine Act, the Federal Circuit has approved the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348. The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court recently updated the *McCulloch* rates for 2015-2016[3] and 2017.[4]

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

[4] The 2017 Fee Schedule can be accessed at:
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

A *nunc pro tunc* order, which literally translates to "now for then," allows the Court "to make the record reflect that which was actually done, but was omitted from the record." *Holmes v. Sec'y of Health & Human Servs.*, No. 91-1343V, 1992 WL 121390, at *1 (Cl. Ct. Spec. Mstr. May 7, 1992); *Day v. Sec'y of Health & Human Servs*, No. 90-1568V, 1994 WL 497946, at *7 (Fed. Cl. Spec. Mstr. Aug. 29, 1994); *see also Matos by Rivera v. Sec'y of Health & Human Servs.*, 35 F.3d 1549, 1553 (Fed. Cir. 1994) ("An order may be entered *nunc pro tunc* 'to make the record speak the truth but it cannot supply an order which in fact was not previously made.'" (quoting *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir. 1969))). *Nunc pro tunc* relief is used to correct the record "to conform with what actually happened." *Hood v. Sec'y of Health & Human Servs.*, No. 90-2737V, 1995 WL 312023, at *5 (Fed. Cl. Spec. Mstr. May 4, 1995). A party cannot use *nunc pro tunc* relief "to change the history of the case so that it states that something that was not done . . . was done." *Matos*, 35 F.3d at 1553. A failure to comply with statutory requirements cannot be remedied *nunc pro tunc*. *In re Mother Tucker's Food Experience (Canada)*, 925 F.2d 1402, 1404-05 (Fed. Cir. 1991) (cited in *Matos*, 35 F.3d at 1553).

Parties may seek an extension of a deadline after it has passed "if the party failed to act because of excusable neglect." RCFC 6(b)(1)(B). Excusable neglect is determined by four factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (cited in *Verity*, 2017 WL 1709709 at *1).

**III.   Discussion**

Petitioners do not dispute that their motion for attorneys' fees and costs is untimely. ECF No. 61. Therefore, the central issue is whether Petitioners should be granted leave to submit their motion well past its deadline. Upon review of Court rules and precedent, the undersigned denies Petitioners' Motion for *Nunc Pro Tunc* Enlargement of Time. This denial renders Petitioners' motion for fees untimely; however, the undersigned exercises her discretion and grants Petitioners' motion for fees for the reasons articulated below.

Petitioners' motion for a *nunc pro tunc* enlargement of time is inappropriate in this case. *Nunc pro tunc* relief is used by courts to make "the record reflect what was actually done." *Matos*, 35 F.3d at 1553. Petitioners, in contrast, request *nunc pro tunc* relief "to change the history of the case so that it states that something that was not done . . . was done." *Id.* In *Matos*, the petitioner sought to appeal his dismissal under § 11(a)(5) by vacating a state court judgment *nunc pro tunc*. *Id.* at 1550. The Circuit held that "[t]he jurisdictional defect in this case cannot be cured by a *nunc pro tunc* order, because such an order cannot change the *fact* that petitioner sought dismissal of his state court civil action . . . ." *Id.* (emphasis in original). In this case, Petitioners cannot alter the fact that they submitted a motion for attorneys' fees over five months past the deadline. Such a factual change is outside the purpose of a *nunc pro tunc* motion. The undersigned is therefore unable to modify the past through Petitioners' request.

In *Verity*, Special Master Corcoran additionally analyzed whether the petitioner's motion for an extension of time for his untimely fees request could be granted through the application of

the "excusable neglect" standard. 2017 WL 1709709, at *1-2. Although Petitioners did not present an argument based upon excusable neglect, it is appropriate to consider given the circumstances of this case. Special Master Corcoran ultimately found that "acknowledged attorney ignorance of Program rules for timely requesting an attorney's fees award cannot be attributed to excusable neglect." *Id.* at *1. One factor to determine whether excusable neglect is appropriate is "the reason for the delay, including whether it was within the reasonable control of the movant." *Verity*, 2017 WL 1709709 at *1. Petitioners wrote that they failed to meet their deadline because "somehow in the mix of having the settlement approved by a probate court in Arizona, . . . the deadline for fee application was not appropriately calendared." ECF No. 61. A failure to calendar deadlines is completely "within the reasonable control" of Petitioners, and does not constitute excusable neglect.

A consideration of the remaining three factors outlined in *Verity*, "the danger of prejudice to the nonmoving party, . . . the length of delay and its potential impact on judicial proceedings, . . . [and] whether the movant acted in good faith," however, provide support for a ruling in Petitioners' favor. 2017 WL 1709709 at *1. Although Petitioners' motion was late due to a failure to calendar, the process of obtaining a conservatorship prolonged the finalization of the settlement and may have contributed to Petitioners' oversight. Respondent properly identifies Petitioners' motion as untimely, but does not allege any prejudice as a result of the late filing. *See generally* ECF No. 60. The length of the delay in this case, five months, is more than twice as long as some previously granted untimely motions, *see, e.g.*, *Setness*, 2017 WL 1713101 at *1 n.3, but significantly shorter than the two-year period that was denied in *Verity*. *See* 2017 WL 1709709 at *1-2. Respondent does not identify, and the undersigned did not find, any potential impact on judicial proceedings aside from the prolonged period between the settlement and termination of the case in the Program. Finally, there is no evidence that Petitioners did not act in good faith by filing the motion. In fact, Petitioners were forthcoming with the reason behind the delay, despite the potential negative impact on their request.

Special masters in the past have granted untimely motions for attorneys' fees, and the undersigned does not find it unreasonable to grant Petitioners' motion in this case. Special masters have granted applications for fees that were filed shortly after the passing of the deadline in their respective cases. *See Setness*, 2017 WL 1713101 at *1 n.3 (two months untimely); *Turner*, 2007 WL 4410030 at *13 (one month untimely). Petitioners in this case submitted their motion over five months late. *See* Docket Rep. The undersigned cautions Petitioners to be mindful of the Program's rules and deadlines; however, this untimely filing is not as egregious as the two-year delay in *Verity*. 2017 WL 1709709 at *1. The undersigned finds that Petitioners failed to meet the deadlines articulated in Vaccine Rule 13(a) or submit an argument for an extension that is within the power of the undersigned to grant. The undersigned also finds that Petitioners' motion was filed in good faith and results in no prejudice to Respondent.

Upon review, the undersigned finds Petitioners' request for attorneys' fees and costs reasonable. Petitioners' counsel requested a reasonable hourly rate,[5] and the hours expended by

---

[5] Petitioners' counsel requested an hourly rate of $400 for his work in this case, and $125 per hour for the work of his paralegals. ECF 59-2 at 6. These amounts are consistent with previous decisions and the 2015-2016 Fee Schedule. *McDaniel v. Sec'y of Health & Human Servs.*, No.

counsel are reasonable. *See* ECF No. 59-2. The undersigned likewise finds Petitioners' counsel's expert costs reasonable. *See* ECF No. 59-1. Petitioners' counsel, however, did not include receipts for the "incidental costs" incurred by his firm. *See generally* ECF 59, 59-1, 59-2. The undersigned will not award Petitioners' counsel for these expenses absent documentation. *See Perreira*, 27 Fed. Cl. at 34. The undersigned therefore awards Petitioners' counsel attorneys' fees in full, minus $3,913.03 in costs, for a total of **$64,690.00**

### IV.    Conclusion

Therefore, Petitioners' Motion for *Nunc Pro Tunc* Enlargement of Time is **DENIED**, but Petitioners' Motion for Attorneys' Fees is **GRANTED**. **Accordingly, the undersigned hereby awards the amount of $64,690.00,[6] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Glynn W. Gilcrease, Jr., of The Law Office of Glynn W. Gilcrease, Jr., PC**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

14-1240V, 2016 WL 6677876 (Fed. Cl. Spec. Mstr. Oct. 20, 2016); *Combs v. Sec'y of Health & Human Servs.*, No. 12-436V, 2016 WL 6311720 (Fed. Cl. Spec. Mstr. Aug. 24, 2016); *see supra* note 3. The undersigned therefore finds the requested rates reasonable.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).